IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BURR, ET AL., | ) | CASE NO.:  C2:04-CV-1118 |
| | ) | |
| Plaintiffs, | ) | JUDGE EDWARD SARGUS |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE MARK R. ABEL |
| | ) | |
| ANDREW BURNS, ET AL., | ) | **ANSWER OF DEFENDANTS ANDREW W. BURNS, BETHANY J. MARTI AND THE CITY OF MOUNT VERNON TO PLAINTIFFS' AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**(Jury Demand Endorsed Hereon)**

Now come Defendants, Andrew N. Burns, Bethany J. Marti and the City of Mount Vernon, by and through their Trial attorneys, John T. McLandrich and Robert H. Stoffers of the law firm of Mazanec, Raskin & Ryder, Co., L.P.A., and hereby respectfully answer Plaintiffs' Amended Complaint as follows:

1. Answer paragraphs 1 and 2 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff Burr resides at the residence referenced therein.  Further answering, Defendants deny all other allegations contained therein.

2. Answering paragraphs 3 and 4 of Plaintiffs' Amended Complaint, Defendants state that the home addresses for Defendant Burns and Marti are confidential and not subject to disclosure.  Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

3. Answering paragraph 5 of Plaintiffs' Amended Complaint, Defendants state that the City of Mount Vernon is a municipality that is a political subdivision in the State of Ohio.  Further answering, Defendants deny any other allegations contained therein.

4. Answering paragraph 6 of Plaintiffs' Amended Complaint, Defendants state that Defendants Burns and Marti were police officers with the City of Mount Vernon at the time of the subject incident which occurred on August 3, 2004. Further answering, Defendants deny any other allegations contained therein.

5. Answering paragraph 7 of Plaintiffs' Amended Complaint, Defendants state that Defendants Burns and Marti, at the time of the subject August 3, 2004 incident, were properly acting in their capacities as police officers for the City of Mount Vernon. Further answering, Defendants deny any other allegations contained therein.

6. Answering paragraph 8 of Plaintiffs' Amended Complaint, Defendants state that any duties of the City of Mount Vernon speak for themselves, as established by the applicable law. Further answering, Defendants deny any other allegations contained therein.

7. Answering paragraph 9 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

8. Answering paragraphs 10, 11, 12, 13 and 14 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

9. Answering paragraph 15 of Plaintiffs' Amended Complaint, Defendants state that Defendant Burns identified himself as a police officer and that Plaintiffs were not compliant. Further answering, Defendants deny any other allegations contained therein.

10. Answering paragraph 16 of Plaintiffs' Amended Complaint, Defendants state that Defendant Burns used a flashlight to observe Plaintiffs. Further answering, Defendants deny any other allegations contained therein.

11. Answering paragraph 17 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

12. Answering paragraphs 18 and 19 of Plaintiffs' Amended Complaint, Defendants state that Plaintiffs were not compliant. Further answering, Defendants state that Defendant Burns properly and continuously identified himself as a police officer. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

13. Answering paragraphs 20 and 21 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Stamp observed that Defendant Burr was a police officer. Further answering, Defendants state that Defendant Burns identified himself as a police officer. Further answering, Defendants state that Plaintiff Stamp lowered herself to the ground. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

14. Answering paragraphs 22, 23 and 24 of Plaintiffs' Amended Complaint, Defendants state that Defendant Burns properly and continuously identified himself as a police officer and that Plaintiff Burr was not compliant. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

15. Answering paragraph 25 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

16. Answering paragraphs 26, 27 and 28 of Plaintiffs' Amended Complaint, Defendants state that Defendant Burns properly and continuously identified himself as a police officer and that Plaintiff Burr was not compliant. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

17. Answering paragraphs 29, 30 and 31 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

18. Answering paragraph 32 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr eventually lowered himself to the ground after previously failing to comply with Defendant Burns, after Defendant Burns had properly and continuously identified himself as a police officer. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

19. Answering paragraph 33 of Plaintiffs' Amended Complaint, Defendants state that Defendant Burns inquired as to the identity of Plaintiffs. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

20. Answering paragraph 34 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

21. Answering paragraph 35 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

22. Answering paragraph 36 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

23. Answering paragraph 37 of Plaintiffs' Amended Complaint, Defendants state that Defendant Burns inquired as to the identity of Plaintiff Stamp. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

24. Answering paragraphs 38, 39 and 40 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr failed to comply with Defendant Burns and that Plaintiff Burr was subsequently handcuffed. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

25. Answering paragraph 41 of Plaintiffs' Amended Complaint, Defendants state that Defendant Marti and Patrol Office Mark Perkins arrived at the location where Plaintiffs and Defendant Burns were located. Further answering, Defendants deny any other allegations contained therein.

26. Answering paragraph 42 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Stamp was briefly placed in handcuffs. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

27. Answering paragraph 43 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Stamp was placed in a police car for a brief period of time. Further answering,

Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

28. Answering paragraph 44 of Plaintiffs' Amended Complaint, Defendants state that Defendant Marti spoke with Plaintiff Stamp. Further answering, Defendants deny any other allegations contained therein.

29. Answering paragraph 45 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

30. Answering paragraph 46 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr was placed in a police car and that Plaintiff Stamp was removed from a police car. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

31. Answering paragraphs 47, 48 and 49 of Plaintiffs' Amended Complaint, Defendants state that Defendant Marti was with Plaintiff Stamp for a period of time and then Plaintiff Stamp was released. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

32. Answering paragraphs 50, 51, 52 and 53 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr was presented for identification to a witness. Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

33. Answering paragraph 54 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr was administered a portable breath test.  Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

34. Answering paragraphs 55, 56, 57, 58, 59 and 60 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr was removed from a police car and presented for identification to witness.  Further answering, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

35. Answering paragraph 61 of Plaintiffs' Amended Complaint, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

36. Answering paragraphs 62 and 63 of Plaintiffs' Amended Complaint, Defendants state that the Probation Officer for Plaintiff Burr directed that Plaintiff Burr be taken to jail with reference to a probation violation.  Further answering, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

37. Answering paragraphs 64, 65, 66, 67, 68, 69, 70 and 71 of Plaintiffs' Amended Complaint, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

38. Answering paragraph 72 of Plaintiffs' Amended Complaint, Defendants state that Plaintiff Burr did not complain about the conduct of Defendants in regard to the  subject incident occurring on or about August 3, 2004.  Further answering, Defendants state that that they are

without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

39. Answering paragraph 73 of Plaintiffs' Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

40. Answering paragraphs 74, 75, 76, 77 and 78 of Plaintiffs' Amended Complaint, Defendants state that the subject radio communications speak for themselves. Further answering, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

41. Answering paragraphs 79 and 80 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

42. Answering paragraph 81 of Plaintiffs' Amended Complaint, Defendants incorporate and reassert their answer set forth above as if fully rewritten herein.

43. Answering paragraphs 82, 83, 84, 85, 86, 87, 88, 89 and 90 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

44. Answering paragraph 91 of Plaintiffs' Amended Complaint, Defendants incorporate and reassert their answer set forth above as if fully rewritten herein.

45. Answering paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103 and 104 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

46. Answering paragraphs 105, 106 and 107 of Plaintiffs' Amended Complaint, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

47. Answering paragraph 108 of Plaintiffs' Amended Complaint, Defendants state that Defendants Burns and Marti, at about the time of the subject incident occurring on August 3, 2004, were properly acting in their capacities as police officers for the City of Mount Vernon, Ohio.  Further answering, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

48. Answering paragraph 109 of Plaintiffs' Amended Complaint, Defendants incorporate and reassert their answer set forth above as if fully rewritten herein.

49. Answering paragraph 110 of Plaintiffs' Amended Complaint, Defendants deny any misconduct by Defendants Burns and Marti towards the Plaintiffs.  Further answering, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

50. Answering paragraphs 111, 112(A), (B), (C), (D), (E), (F), (G), and (H) of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

51. Answering paragraph 113 of Plaintiffs' Amended Complaint, Defendants incorporate and reassert their answer set forth above as if fully rewritten herein.

52. Answering paragraphs 114, 115 and 116 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

53. Answering paragraph 117 of Plaintiffs' Amended Complaint, Defendants state, that at the time of the subject August 3, 2004 incident Defendants Burns and Marti were properly acting as police officers for the City of Mount Vernon.  Further answering, Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of any other allegations contained therein and, therefore, deny the same.

54. Answering paragraph 118 (A), (B), (C), (D), (E), (F), (G), (H) and (I) of Plaintiffs' Amended Complaint, Defendants controvert the prayers for relief set forth therein and hereby request judgment in favor of these answering Defendants.

55. Answering paragraph 119 (A), (B), (C), (D), (E), (F), (G), (H) and (I) of Plaintiffs' Amended Complaint, Defendants controvert the prayers for relief set forth therein and hereby request judgment in favor of these answering Defendants.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Complaint, fails to state a claim upon which relief can be granted against the answering Defendants.

2. Plaintiffs' Amended Complaint fails to join a party or parties necessary for a just adjudication of the matters set forth therein.

3. Pursuant to the Court's August 12, 2005 Opinion and Order, the following claims of Plaintiffs have been dismissed: Plaintiffs' claims under Section 1983 for violations of their Eighth Amendment rights; Plaintiffs' claims under Section 1983 for violations of their Fourteenth Amendment Equal Protection rights; Plaintiffs' state tort claims against the Defendant City of Mount Vernon; Plaintiffs' claimed violations of Article 1, Section 1.14 of the Ohio State Constitution; Plaintiffs claims, both federal and state, against the City of Mount Vernon for punitive damages.

4. Plaintiffs' claims are barred based upon qualify immunity.

5. Plaintiffs' claims are barred based upon absolute immunity.

6. Plaintiffs' claims are barred based upon the existence of probable cause.

7. Plaintiffs' claims are barred based upon the absence of deliberate indifference regarding any policy or custom of the City of Mount Vernon.

8.     These answering Defendants acted in good faith.

9.     The claims against these answering Defendants are barred based on Plaintiffs' negligence and/or these answering Defendants are entitled to a set-off for Plaintiffs' negligence.

10.    The answering Defendants respectfully reserve the right to assert additional affirmative defenses based upon information which may become known after the filing of the within Answer.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants Andrew W. Burns, Bethany J. Marti and The City of Mount Vernon respectfully pray that Plaintiffs' Amended Complaint be dismissed at their costs and that these answering Defendants recover their costs, expenses and any other relief as determined by the Court.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/ Robert H. Stoffers*
ROBERT H. STOFFERS  (0024419)
JOHN T. MCLANDRICH (0021494
250 Civic Center Drive
Suite 400
Columbus, OH 43215
(614) 228-5931
(614) 228-5934 – Fax
Email: rstoffers@mrrlaw.com
           jmclandrich@mrrlaw.com
*Trial Attorneys for Defendants Andrew W. Burns, Bethany J. Marti, and The City of Mount Vernon*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

> */s/ Robert H. Stoffers*
> ROBERT H. STOFFERS (0024419)
> *Trial Attorney for Defendants Andrew W. Burns,*
> *Bethany J. Marti, and The City of Mount Vernon*

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer was filed electronically on August 29, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Robert H. Stoffers*
> ROBERT H. STOFFERS (0024419)
> *Trial Attorney for Defendants Andrew W. Burns,*
> *Bethany J. Marti, and The City of Mount Vernon*